**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4752
_____

XIAO YONG TIAN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-166-190)
Immigration Judge:  Honorable Alberto Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2010
Before: RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2010)
_____

OPINION
_____

PER CURIAM

Xiao Yong Tian, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision upholding the Immigration Judge's ("IJ") order

of removal.  For the following reasons, we will deny the petition for review.

Tian entered the United States illegally in 2002. He was placed in removal proceedings and eventually appeared before the IJ for a merits hearing in November 2008. Before the IJ, Tian conceded removability and sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At the hearing, Tian testified that he served as a battalion commander in the Chinese military during the Beijing student protests of 1989. He stated that he was ordered to prepare his soldiers to confront the students with loaded automatic rifles and bayonettes, but refused to do so because he was sympathetic to the students. He feigned illness to avoid carrying out his orders and was immediately arrested. Tian was then subjected to a court martial for disobeying orders and sentenced to 360 days' imprisonment in a military jail.

After his release from jail in 1990, Tian received a demotion and was dishonorably discharged from the army. Because he received a dishonorable discharge, Tian had difficulty finding employment; he had to drive trucks and work on building renovations to support his family. His wife, who served as a military officer, was also discharged as a consequence of his situation. Tian also claimed that his wife was forced to submit to an abortion after authorities discovered she was pregnant with a second child.

The IJ denied relief, reasoning that Tian's punishment for disobeying orders and subsequent economic problems did not constitute persecution, and that his wife's forced

abortion did not entitle him to relief. The IJ also held that Tian failed to demonstrate a well-founded fear of future persecution based on his past problems with the military. Finally, the IJ held that Tian did not qualify for asylum on humanitarian grounds. Tian appealed, and the BIA affirmed.[1] Tian then filed a petition for review.

## II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's factual determinations for substantial evidence, and will uphold such determinations unless any reasonable adjudicator would be compelled to reach a contrary conclusion. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005).

To demonstrate eligibility for asylum, an applicant must demonstrate that he suffered past persecution or that he has a well-founded fear of future persecution. See Abdulrahman v. Ashcroft, 330 F.3d 587, 591-92 (3d Cir. 2003). If the applicant demonstrates past persecution, he is entitled to a rebuttable presumption of a well-founded fear of persecution. See id. at 592. Tian contends that the IJ and BIA erred in

---

[1] On appeal to the BIA, Tian abandoned his claim for relief stemming from his wife's forced abortion. He also appears to have abandoned a claim, raised only before the IJ, that he has a well-founded fear of persecution based on his illegal exit from China.

concluding that he did not suffer past persecution. With regard to the economic discrimination Tian faced, we agree with the Agency that such economic problems do not rise to the level of persecution. "[T]he deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution." Li, 400 F.3d at 168. It is insufficient, however, for a petitioner to have faced only economic discrimination or to have been denied his preferred job. See id. As the BIA noted, although Tian experienced difficulty finding employment because he received a dishonorable discharge, he was able to support his family by driving trucks and doing building renovations. Thus, substantial evidence supports the BIA's determination that Tian did not suffer economic persecution.

Tian also challenges the conclusion that his imprisonment for disobeying orders did not amount to persecution. We need not reach that question because even if we assume that Tian suffered persecution, we agree that he has not demonstrated a well-founded fear of persecution on that basis if he returns to China.

To demonstrate eligibility for asylum based on a fear of future persecution, an applicant must demonstrate that he "has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Abdulrahman 330 F.3d at 592. To satisfy the objective prong, a petitioner must show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly-situated individuals. See Lie v. Ashcroft, 396 F.3d 530, 536

4

(3d Cir. 2005). Here, the IJ reasoned – and the BIA agreed – that Tian failed to demonstrate that Chinese authorities have any interest in him. As the BIA noted, Tian remained in China for approximately twelve years after his release from jail and, aside from his difficulties finding employment, endured no further problems stemming from his refusal to obey orders. Tian has provided no reasons that compel disagreement with the BIA's conclusion. Nor does he contend that a pattern or practice of persecution against military dissenters exists in China.

Finally, Tian argues that he was entitled to humanitarian asylum. "[I]n limited circumstances, past persecution alone may warrant a grant of asylum, even in the absence of a future threat of persecution." Al-Fara v. Gonzales, 404 F.3d 733, 740 (3d Cir. 2005) (citing Matter of Chen, 20 I&N Dec. 16 (BIA 1989)). Humanitarian asylum is reserved for those applicants who have suffered particularly atrocious persecution. See Sheriff v. Att'y Gen., 587 F.3d 584, 594 (3d Cir. 2009) (noting that persecution entitling an alien to humanitarian asylum "must have been extreme" and "atrocious forms of persecution"). It has historically been granted to Holocaust survivors, victims of the Chinese "Cultural Revolution," and survivors of the Cambodian genocide, and has recently been extended in other extremely serious cases. See id. at 594-95 (remanding to BIA for consideration of humanitarian asylum claim where applicant's home was burned to the ground, and her family members were murdered, injured, and raped); see also Brucaj v. Ashcroft, 381 F.3d 602, 609-11 (7th Cir. 2004) (remand where BIA failed to consider claim of applicant

5

who was gang-raped and beaten by soldiers in front of her parents); <u>Vongsakdy v. INS</u>, 171 F.3d 1203, 1206-07 (9th Cir. 1999) (granting humanitarian asylum to applicant who was placed in a labor camp, permanently injured, denied adequate food, and subjected to Communist "reeducation" program). The Agency's discretionary decision to deny asylum on humanitarian grounds must be upheld unless it is manifestly contrary to law and an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D). Tian argues that his imprisonment and economic troubles were sufficiently egregious to qualify him for humanitarian relief. Assuming *arguendo* that his past experiences amounted to persecution, they plainly fall short of the atrocities contemplated in the cases mentioned above. We therefore perceive no abuse of discretion in the Agency's decision to deny Tian humanitarian asylum.

Because Tian was ineligible for asylum, we also agree that he was unable to meet the higher standard applicable to applications for withholding of removal. <u>See</u> <u>Sioe Tjen Wong v. Att'y Gen.</u>, 539 F.3d 225, 236-37 (3d Cir. 2008). Nor did he demonstrate eligibility for CAT protection. <u>See</u> <u>Kamara v. Att'y Gen.</u>, 420 F.3d 202, 212-13 (3d Cir. 2005).

Accordingly, we will deny the petition for review.